Jasen, J. (dissenting).
I do not believe, under the circumstances presented here, that the trial court abused its discretion as a matter of law in refusing the defendant’s request for an adjournment to secure a transcript of the preliminary hearing.
The defendant was arrested and arraigned on March 23, 1966. The preliminary hearing, at which the defendant was represented by retained counsel, was held on April 27, 1966, and the case was adjourned to June 1, 1966 for trial. On that day, the case was again adjourned until June 7,1966. Immediately before trial, on June 7, defense counsel made an application for an adjournment in order to obtain the minutes of the preliminary hearing.
Defendant had over five weeks to acquire the transcript or to make known to the court any difficulties with regard to its procurement.
As defense counsel well knew, an adjournment on June 7 would have required that the trial be put over to September by reason of the fact that the complainant was leaving town for the summer.
The record is silent in respect to the hearing minutes, except, of course, for the application for an adjournment made just before trial on June 7. Indeed, we are unable to determine *201 from the record when defense counsel first requested a copy of the transcript from the stenographer, and what, if any, diligence he employed in attempting to secure the transcript before June 7. Under the circumstances, therefore, defendant has not shown that the trial court’s denial of the request for an adjournment was an abuse of discretion or an abridgment of his right to a fair trial.
Indeed, the defendant has a right to obtain a transcript of the preliminary hearing. (Code Grim. Pro., § 206.) I perceive no valid reason, however, to condition a requirement that preliminary hearing minutes be requested far enough in advance of trial to prevent unnecessary trial delay upon the economic means of a defendant. Yet the majority draws just this distinction based upon the ability of a defendant to pay for a transcript. It is true that a defendant who is capable of paying for the preliminary hearing minutes normally does not require the court’s assistance in obtaining the transcript while the indigent defendant, of course, requires such assistance. In each case, however, the orderly administration of justice mandates that a request for court assistance in obtaining a transcript, when such assistance is required, ‘ ‘ be made far enough in advance of trial to give the State a reasonable amount of time to transcribe the minutes and to avoid the necessity of suspending the trial pending the production of the transcript.” (People v. Montgomery, 18 N Y 2d 993, 991-995.)
Defendant’s reliance on People v. Ballott (20 N Y 2d 600) is misplaced. There, the defendant sought an adjournment of only one week in order to raise the necessary money to pay for the transcript. We held that the trial court’s failure to either grant the adjournment or direct that the minutes be supplied at public expense was an abuse of discretion. Here, defendant’s request requires an adjournment from June 7 to September. Further, unlike the circumstances of the instant case, there was no indication in Ballott that defendant’s failure to obtain the transcript was the result of inertia.
Accordingly, I would affirm the judgment of conviction.
Chief Judge Fuld and Judges Burke, Bergan and Keating concur with Judge Scileppi ; Judge Jasen dissents and votes to affirm in a separate opinion in which Judge Breitel concurs.
Judgment reversed, etc.